IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISA COURTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 12-00311-CB-B |
| ART APPLIED | ) | |
| REEIMBURSEMENT | ) | |
| TECHNIQUES, INC., | ) | |
| RALPH PATRICK, KELLY | ) | |
| O'BRIEN, VICKIE | ) | |
| KENNEDY and JOSH | ) | |
| PATRICK, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION and ORDER</u>**

This matter is before the Court on a motion for summary judgment filed by defendants Kelly O'Brien, Vickie Kennedy and Josh Patrick (Doc. 39), Plaintiff's response thereto (Doc. 48), and Defendants' reply (Doc. 50). Plaintiff concedes that her state law claims are preempted by ERISA and, therefore, due to be dismissed. She also concedes her ERISA claims against defendant Vickie O'Brien. She argues, however, that there is evidence to support her ERISA claims for breach of fiduciary duty against O'Brien and Patrick. For reasons discussed below, the Court finds that Plaintiff's evidence is insufficient to sustain an ERISA claim against these defendants.[1]

---

[1] The summary judgment motion does not pertain to Plaintiff's claims against defendants ART Applied Reimbursement Techniques, Inc. and Ralph Patrick, both of whom have filed bankruptcy petitions.

**Facts**

While Plaintiff Melisa Courtney was employed by defendant ART Applied Reimbursement Techniques, Inc. (ART), the company had in place an ERISA Plan for employee health insurance (the Plan) provided through Blue Cross Blue Shield (Blue Cross). An amount was deducted from Courtney's wages to cover a portion of the premium, and ART was to pay the remainder of the premium. In January 2012, Courtney underwent nonemergency medical procedures only to discover that she had no coverage. ART had failed to pay Courtney's Blue Cross premiums, even though her portion of the premium had been deducted from her paychecks. Courtney was denied coverage by Blue Cross and, as a result, owed $27,860.28 in medical bills.

Defendant Vickie Kennedy was employed as a "team manager" for ART. (Kennedy Aff. ¶ 2, Doc. 41.) As such, she "was responsible for supervising a coding and billing team for an emergency room account." (*Id.* ¶ 3.) Kennedy had no responsibility for, nor was she involved in, the administration of employee benefits. Kennedy was not an owner or principle of ART and received no funds diverted from the payment of insurance premiums.

Defendant Kelly O'Brien was employed by ART as Director of Administration responsible for supervising team managers and for making sure departments were running smoothly. (O'Brien Aff. 3, Doc. 41.) O'Brien's responsibilities included keeping up with employees' hours worked and requests for time off. (*Id.* ¶ 3.) O'Brien had no discretionary authority with respect to the employee benefits plan or medical insurance. (*Id.* ¶ 4.) O'Brien is not a principle or owner of ART and did not receive funds diverted from paying medical insurance premiums. (*Id.* ¶ 6.)

Josh Patrick was ART's Director of Information Systems, responsible for "internal IT maintenance as well as client equipment installation and implementation." (Patrick Aff. ¶ 2, Doc. 41.) Patrick was not responsible for administration of employee benefits, was not a principle or owner of ART, and did not receive any funds from diverted from the payment of medical insurance premiums. (*Id.* ¶¶ 4, 7.)

Kelly O'Brien and Josh Patrick are the children of ART owner Ralph Patrick. According to Plaintiff, the two "were intimately involved in the details of running ART" while Plaintiff was employed there. (Pl.'s Aff. ¶ 4, Doc. 49.) During her time with ART, Plaintiff "heard [O'Brien] on occasions speaking . . . about payroll deduction and the insurance fiasco." (*Id.*) Plaintiff also alleges that O'Brien "was responsible for printing the paychecks at issue" and that "[i]t was common knowledge throughout the office of ART's financial problems and the fact that employee premiums were being wrongfully diverted and used to prop up other areas of the business, including the executive's [sic] paychecks." (*Id.*)

**Procedural Background**

Courtney filed the instant civil action against ART and the individual defendants in the Circuit Court of Mobile County on April 23, 2012 asserting several state law causes of action. The Defendants removed the action to this Court on May 12, 2012. As grounds for removal jurisdiction, Defendants relied on federal question jurisdiction and the superpreemption doctrine applicable to certain ERISA claims. After removal, ART filed a Chapter 11 bankruptcy petition. Courtney moved to remand, and the Court found that the bankruptcy's automatic stay provision, 18 U.S.C. § 362(a) did not preclude consideration of jurisdictional issues. This Court

agreed that the superpreemption doctrine applied and denied Courtney's motion to remand. (Doc. 14.) After a period of delay, discovery got underway in late October 2013, and shortly thereafter Ralph Patrick filed a notice of bankruptcy. Therefore, on December 12, 2013, the Court entered an order acknowledging that this action was stayed pursuant to 11 U.S.C. § 362(a) as to both Ralph Patrick and ART.[2]

In the Second Amended Complaint, Plaintiff asserts seven claims against the Defendants. In Counts One and Two, Plaintiff asserts claims under ERISA. Count One alleges that the Defendants breached their fiduciary duty under ERISA by deducting monies from Plaintiff's paycheck for health insurance premiums and failing to pay those monies to Blue Cross. Count Two asserts a claim for improper denial of benefits under a qualified ERISA plan. Counts Three through Seven assert state law claims for fraud and suppression, wantonness, negligence, negligent supervision, and criminal theft of property and/or theft by deception.

**Issues Raised**

Defendants Kelly O'Brien, Vickie Kennedy, and Josh Patrick seek summary judgment with respect to all claims asserted against them. In response, Plaintiff agrees that her state law claims (Counts Three through Seven) are preempted by ERISA and consents to dismissal of those claims. She also agrees that Vickie Kennedy is entitled to summary judgment with respect to the ERISA claims (Counts One and Two). Therefore, the only issue remaining is whether the evidence, viewed in the light most favorable to Plaintiff, supports a claim against Kelly O'Brien or Josh

---

[2] ART's Chapter 11 bankruptcy petition was dismissed on January 16, 2014, and Plaintiff filed a motion to lift the stay as to ART. However, ART subsequently filed a Chapter 7 bankruptcy petition.

4

Kennedy for breach of fiduciary duty under ERISA or for failure to pay benefits under ERISA.

**Legal Analysis**

*Summary Judgment Standard*

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted).

"In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). "However, we draw these inferences only '"to the extent supportable by the record."' *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007) (emphasis omitted)). Furthermore, "[a]

dispute over a fact will only preclude summary judgment if the dispute "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)).

### ***Plaintiff Has Failed to Prove Individual Defendants Liable Under ERISA***

The Second Amended Complaint asserts two distinct claims against O'Brien and Patrick, although the parties do not clearly address both in their summary judgment submissions. Count One asserts a claim for breach of fiduciary duty, which falls under 29 U.S.C. § 1132(a)(3). *Varity Corp v. Howe*, 516 U.S. 489, 515 (1996) (holding that ERISA's catchall relief provision provides individuals remedy against ERISA trustee for breach of fiduciary duty). Count Two asserts a claim for improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B) which allows a plan beneficiary to bring a civil action "to recover benefits due to him under the terms of the plan." "The proper party defendant in an action concerning [denial of] ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (per curiam). Presumably, Blue Cross administered the health insurance plan.[3] Kelly O'Brien and Josh Patrick deny any role in the administration of the plan, and Plaintiff has presented no evidence to the contrary. Therefore, Plaintiff cannot prevail against these Defendants on her claim for improper denial of benefits.

Plaintiff's claim for breach of fiduciary duty fares no better because neither of these defendants qualifies as a fiduciary. It is true, as Plaintiff argues, that a party may be a "fiduciary" within the meaning of ERISA even though he is not designated as such in the plan documents. ERISA "defines a fiduciary not simply in terms of

---

[3] No evidence of the terms of the Plan has been presented.

certain designated offices, but also more flexibly, with reference to the functions performed by a person." *Useden v. Acker*, 947 F.2d 1563, 1574 (11th Cir. 1991). A person is a fiduciary to the extent he "exercises any discretionary authority or discretionary control" over the plan's management or over management or disposition of the plan's asserts <u>or</u> "to the extent he has discretionary authority or discretionary responsibility in the administration of the plan." 29 U.S.C. § 1102(21)(A)(i) & (iii). Both Kelly O'Brien and Josh Patrick deny they had any discretionary authority or responsibility over any employee benefits plan and also deny that they had any fiduciary responsibilities regarding any employee benefits plan.

Plaintiff's evidence to the contrary is quite thin. In her brief, she points out that Kelly O'Brien and Josh Patrick are the children of Ralph Patrick, the owner of ART and that Kelly O'Brien was aware that funds withheld from employee paychecks for health insurance premiums were being used for other purposes.[4] Plaintiff's deposition contains a bit more information about Kelly O'Brien's involvement and duties at ART, though none of it proves that O'Brien exercised any discretionary authority regarding the Plan or its assets. Specifically, she states that O'Brien spoke with Plaintiff and others about "payroll deduction and the insurance fiasco," that O'Brien was responsible for printing checks, and that "[i]t was common knowledge that . . . employee premiums were being wrongfully diverted and used to prop up other areas of the business, including the executive's paychecks." (Pl.'s Aff. ¶ 4, Doc. 49.) O'Brien's knowledge does not equate to "discretionary authority" over

---

[4] Plaintiff also asserts, without proof, that Josh Patrick and Kelly O'Brien were "executives" in ART. Even if that were true, it is not evidence that they had discretionary authority over the management of the Plan or over administration of the Plan's assets.

7

the Plan, its assets, or its administration, nor does her check-printing responsibility. *Cf. LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2nd Cir. 1997) (holding that co-owner who used company assets to pay creditors rather than employee benefit Plan was a fiduciary under ERISA but that co-owner--who had check-signing authority, some knowledge of payroll deductions, and no responsibility for determining order in which creditors would be paid—was not).[5]

**Conclusion**

For reasons discussed above, it is hereby **ORDERED, ADJUDGED, and DECREED** that the motion for summary judgment be and hereby is **GRANTED**.

**DONE** and **ORDERED** this the 5th day of May, 2014**.**

> s/*Charles R. Butler, Jr.*
> **Senior United States District Judge**

---

[5] In her deposition, Plaintiff makes a conclusory assertion that "Josh Patrick and Kelly O'Brien "were involved in discretionary functions relating to policies and procedures concerning the operation of ART and the Insurance issues. . ." (Pl.'s Aff., ¶ 4.) That statement does not create a genuine issue of fact for two reasons. First it is a conclusory assertion. *See Fullman v. Graddick,* 793 F.2d 553, 557 (11th Cir. 1984) (party's own conclusory allegations not sufficient to oppose a motion for summary judgment). Second, it ties the Defendants' "discretionary functions" to things other than the Plan, i.e., operation of the business and undefined insurance issues. Plaintiff also mentions in both her brief and her affidavit that Josh Patrick and Kelly O'Brien are owners of a new company operating in the location and providing the same services as ART. This information has no relevance in proving that either of these Defendants exercised discretionary authority over the Plan at issue here, its assets, or its administration.